368 So.2d 961 (1978)
STATE of Louisiana
v.
Leonard BROWN.
No. 61810.
Supreme Court of Louisiana.
September 14, 1978.
On Rehearing March 5, 1979.
John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maurine A. Carroll, William L. Brockman, Brian G. Meissner, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Affirmed.
TATE and DIXON, JJ., dissent. A defendant should not be required to wear a prison jumpsuit at his trial, however attractive, when he objects and desires to wear his own civilian clothes.
MARCUS and CALOGERO, JJ., concur, for reasons assigned by TATE and DIXON, JJ., but do not consider that the error warrants reversal of the conviction in this instance.

On Rehearing
TATE, Justice.[*]
The defendant was charged with armed robbery, La.R.S. 14:64. On the morning of the trial, in the judge's chambers his counsel had objected to the defendant being tried in prison clothing, an orange-yellow jumpsuit. The trial court refused to allow the defendant an opportunity to change into his own civilian clothing. The defendant was convicted, by a jury vote of 10-2.
On original hearing, we affirmed the defendant's conviction. Two justices dissented, however, stating: "A defendant should not be required to wear a prison jumpsuit at his trial, however attractive, when he objects and desires to wear his own civilian clothes." Two other justices, in concurring, noted their agreement with the principle stated by the dissenting justices, but felt that the error might not warrant reversal in this instance.
*962 On the defendant's application, we granted rehearing.

I.
Our state jurisprudence has previously recognized, in effectuation of the constitutional right of the accused to a presumption of innocence, that the accused may insist that he be brought into court with the appearance, dignity, and self-respect of a free and innocent man and not garbed in prison clothes. State v. Yates, 350 So.2d 1169 (La.1974); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972). We held in these decisions, however, that reversible error is not presented unless the accused established the deprivation of his right by clear and convincing evidence.
(At least two of these decisions are clearly distinguishable from the present,[1] where despite his pre-trial objection an accused was required to remain in prison clothes, instead of his own civilian clothing, during the entire trial on the merits.)
We granted rehearing primarily because of the defendant's strong contention in his application that our test of reversible prejudice, as above formulated, is inconsistent with constitutional requirements.
The defendant relies upon the United States Supreme Court's pronouncement in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), that "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes," 425 U.S. 512, 96 S.Ct. 1697, and its indication that "the probability of deleterious effects on fundamental rights calls for close judicial scrutiny," 425 U.S. 504, 96 S.Ct. 1693.

II.
In Estelle v. Williams, cited above, the United States Supreme Court ultimately refused, in post-conviction proceedings, to set aside a Texas conviction. However, it clearly indicated that, upon direct review, an error of constitutional dimensions occurs if an accused, over his objection, is compelled to stand trial in identifiable prison garb.
In Estelle, the defendant had made no objection to being tried in prison garb before the jury. He first raised the issue as reversible in his post-conviction proceedings. In rejecting this post-conviction attack, the court noted there was no finding that non-bailed defendants in the trial court were compelled to stand trial in prison garb, if timely objection was made to the trial court.
Under these circumstances, the court concluded that, for purposes of federal habeas corpus review of a state conviction, "the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of a compulsion necessary to establish a constitutional violation." 425 U.S. 512-13, 96 S.Ct. 1697.
*963 The present, however, concerns a direct appeal from a conviction, where the defendant was compelled, over his objection, to stand trial in an orange-yellow jumpsuit, the jail garb of prisoners at the parish jail, despite his objection and despite his counsel's request that he be tried in his own civilian attire.
Under the circumstances shown, reversible error occurred. As the nation's high tribunal stated in Estelle v. Williams, at 425 U.S. 503-05, 96 S.Ct. 1692-93 (footnotes and citations omitted):
"The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. * * * The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice. * * *
"To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. * * *
"The actual impact of a particular practice on the judgment of jurors cannot always be fully determined. But this Court has left no doubt that the probability of deleterious effects on fundamental rights calls for close judicial scrutiny. * * * Courts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle, and common human experience.
"The potential effects of presenting an accused before the jury in prison attire need not, however, be measured in the abstract. Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system. * * * This is a recognition that the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment. The defendant's clothing is so likely to be a continuing influence throughout the trial that . . . an unacceptable risk is presented of impermissible factors coming into play. * * *"

III.
The state, first, argues that the orange-yellow jumpsuit was not necessarily identifiable as a prison garb, despite the fact that all prisoners in the parish jail were so clothed. The trial court itself, when it overruled the objection, stated that it didn't think the jumpsuit would be recognized as prison clothing.
We need not weigh the defendant's argument that we should take judicial notice that prospective jurors, seeing defendants or prisoners similarly clothed in any courtroom in which they sat, would common-sensibly conclude that the similar jumpsuits were prison garb. Aside from the circumstances that the victim himself testified about prisoners in a line-up all being clothed in jumpsuits, recently in State v. Leggett, 363 So.2d 434 (La.1978), we ourselves had occasion to disapprove the apparently not uncommon practice in the present judicial district of requiring prisoners to undergo trial in the yellow jumpsuits issued for prison wear. We there stated, 363 So.2d 438:
"* * * When the defense objects before the jury is impaneled and the objection is not simply a dilatory tactic, then the state is not prejudiced by allowing defendant the extra time to change to civilian clothing. The trial court erred in not allowing the defendant this right. Defendant should not be required to wear a prison jumpsuit at the trial, however attractive, if defendant objects and desires to wear his own civilian clothing."

IV.
The state finally contends that no prejudice was caused by the error, since the victim (the only eyewitness) had identified the accused as the robber, and since some twelve hours later the accused was found in possession of some of the stolen goods.
*964 The defendant did not put on any witnesses in his defense. In the state's case, the defense cross-examination was chiefly directed at impeaching the credibility of the eyewitness identification by the victim of the robbery, and in suggesting that such identification resulted from impermissible suggestiveness of a photograph shown the victim and of the lineup itself at which the witness had identified the accused. (The apparent thrust of this defense was that, while the accused may have been found in possession of the stolen automobile, he was not himself the person who had committed the armed robbery.)
Thus, while questioning the reliability of the victim's identification of him as the robber, the accused primarily relied upon his constitutional presumption of innocence, La.Const. of 1974, Art. 1, Section 16, and the state's duty to prove his guilt beyond a reasonable doubt. La.R.S. 15:271 (1978); La.C.Cr.P. art. 804.
The accused's compelled attendance in distinctive prison garb at his jury trial impaired the very presumption of innocence upon which the accused primarily relied. As the United States Supreme Court noted in Estelle v. Williams, quoted above, the constant reminder to the jurors implicit by such distinctive, identifiable attire is so likely to be a continuing influence which impairs the presumption of innocence as to be an unacceptable risk of prejudice.
Under the circumstances we are unable to say that the error of compelling the witness to be tried, over his objection, in prison garb was so harmless as not to be a substantial violation of his constitutional rights under the circumstances.[2]
The situation is distinguishable from that in State v. Leggett, 363 So.2d 434 (La.1978), where the prejudicial effect was held to be minimal and therefore harmless. There, for instance, the defendant took the stand and admitted participation in the robbery.

Decree
For the reasons assigned, therefore, we reverse the defendant's conviction and sentence, and we remand this case to the district court for a new trial in accordance with law.
REVERSED AND REMANDED.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice, dissenting.
I respectfully dissent.
The record shows that the defendant is guilty of the crime charged beyond a reasonable doubt. The proof consisted of an "eyeball witness," who maintained his certainty that it was the defendant who robbed him despite cross-examination and suggestions that his identification was sponsored by suggestive tactics of the police. Furthermore, the defendant was found in possession of the victim's watch, ring and automobile. One found to be in the unexplained possession of property recently stolen is presumed to be the thief. There is no evidence to rebut this presumption.
On the other hand, I cannot defend the trial judge's refusal of the defendant's request, especially when the law is so clear on the subject. By his action, the State will be put to the expense of another trial, with its attendant waste of precious judicial time.
My consideration that there was no prejudice to the defendant and the attendant wastefulness of another trial occasions this dissent.
NOTES
[*] Judge Pike Hall, Jr., Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.
[1] In Yates, we noted that the garb was not distinctively that of a prison (since the normal jail uniform was orange (as here), while the accused was wearing blue denim), that (unlike the present instance) no objection had been made before the prisoner's appearance in prison garb during voir dire examination and no request had been made to change into civilian clothes, and that during the noon recess the accused was permitted to change into civilian clothes, with no objection or request for a mistrial made until after the prejudice was cured.

In State v. Kinchen, 290 So.2d 860 (La.1974), the accused and another prisoner were seated briefly (for ten minutes) in the courtroom while preliminary matters were being considered before the trial. As soon as the trial judge became aware, he immediately ordered the accused to be returned to the jail to be dressed in civilian clothes. Because some of the jury venire may have been seated in the courtroom, the accused's counsel moved to excuse the entire jury venire. We found no reversible error in the denial, noting certain factors such as the absence of any showing that the jurors had recognized the individual charged to be the prisoner who had sat for ten minutes in the jury box, the defendant being dressed in his own clothes for the trial later in the morning.
See also State v. Thomas, 325 So.2d 593 (La.1976), where similarly no objection was made or prejudice shown by the accused's initial appearance in non-distinctive prison garb, and where he appeared in civilian clothes for the bulk of the trial.
[2] We note that, despite the apparent strength of the state's case (allegedly in part based upon certain identification by him of the victim, without impermissive suggestiveness), the jury's vote for conviction was 10-2, not unanimous.