503 So.2d 608 (1987)
STATE of Louisiana
v.
Troy MERCADEL.
No. KA-6138.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*609 Joseph Meyer, Jr., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
Defendant Troy Mercadel was convicted of illegal possession of stolen things valued over $500.00, a violation of R.S. 14:69. He pled guilty to a multiple bill filed against him and was sentenced to serve three and one third years at hard labor. This appeal followed.

FACTS
On the morning of January 1, 1986, police officers arrived at 2627 Delery Street *610 to investigate a complaint of someone stripping a car. As the officers approached this address (a vacant house) they noticed a car backed into the driveway with its trunk lid raised. As the officers approached the car, they noticed a man look from behind the trunk lid and then duck down out of sight when he observed the officers. The man then fled, carrying various items in his hands. One of the officers gave chase, and as the chase progressed the man threw down three separate items, one by one. The man, later identified as the defendant Troy Mercadel, was eventually captured and returned to the scene. Along the path of the chase, officers retrieved a pair of pliers, a ring of keys, and a car stereo speaker. A blue hat, identified as belonging to the defendant, was also seized from the ground near the car. A computer check verified that the car had been stolen earlier that morning.
Jules Dabon testified that he owned the car found at 2627 Delery Street and that the car had been stolen sometime after midnight on January 1st. He also identified the key ring and the car stereo speaker recovered by the police as belonging to him, the speaker having come from the trunk of his car. Dabon estimated the value of his car to be $3,000.00.

ERRORS PATENT
A review of the record for errors patent reveal no errors.

ASSIGNMENTS OF ERROR
By his first assignment of error, the defendant contends that the trial court erred by denying his motion for post-verdict judgment of acquittal. Specifically, he argues that the evidence presented at trial only proved that he was in possession of the items he dropped while running, not that he was in possession of the car from which he ran. He maintains that the value of these items, (the ring of keys and the speaker), when added together would most probably be under $100.00, making his conviction a misdemeanor.
In reviewing the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
Defendant was convicted of illegal possession of stolen property valued at $1,700.00. The essential elements of this offense are: 1) the item was stolen; 2) the item was of value; 3) the defendant knew or should have known that the property was stolen; and 4) the defendant intentionally procured, received, or concealed the property. State v. Price, 454 So.2d 377 (La.App. 4th Cir.1984), writ den. 458 So.2d 126 (La.1984); State v. Slaughter, 451 So.2d 59 (La.App. 4th Cir.1984). Mere possession of stolen property does not create a presumption that the possessor knew or had reason to know that the property was stolen. State v. Slaughter, supra.
Here, the defendant does not contend that the car was not stolen; that he did not know it was stolen; or that the car has no value. Instead he argues that he did not possess, procure, receive or conceal the car but merely possessed the pliers, the ring of keys and the speaker taken from the car. However, in our opinion, the State did not have to prove "actual" possession in order support his conviction for possession of the stolen car. In crimes which include possession as an essential element, the jurisprudence has indicated that proof actual possession is not always required and that, a conviction may be supported by *611 a showing of "constructive" possession, which exists when the item possessed in within a defendant's dominion or control. Cf. State v. Trahan, 425 So.2d 1222 (La. 1983), State v. Martin, 483 So.2d 1223 (La. App. 4th Cir.1986).
Here, the arresting officer testified that he caught the defendant standing behind the raised trunk lid of the car. He further testified that the defendant ducked down out of sight and then ran from the car when he observed the officers approaching. He was also observed holding and then abandoning the ring of keys which included the keys to a car and the car stereo speaker which the car's owner testified had been installed in the trunk. This evidence could have led a reasonable jury to reject defendant's hypothesis of innocence and find that he was in constructive possession of at least the trunk compartment and thus in possession of the car itself. This assignment of error has no merit.
By his second assignment of error, defendant contends that the trial court erred by denying his motion for new trial. Specifically he alleges that by returning a verdict of guilty of illegal possession of stolen goods valued at $1,700.00, instead of $3,000.00 as charged, the jury displayed an intention to return a "compromise verdict". He argues that because the jury was unaware at what point the penalties for illegal possession of stolen goods increased, its attempt to return a "compromise verdict" was thwarted. He insists that had he been allowed to explain to the jury the three grades of R.S. 14:69, the jury would have returned a verdict of guilty of a lesser grade of the offense. We do not agree. It seems obvious that in fixing the value of the property, the jury simply did not accept the victim's estimate of his automobile's value and made its own finding on this issue based on the evidence of the car's make, model and year.
Moreover, where the penalty provided by a statute is not a mandatory one, the trial court has the discretion to permit or deny argument concerning the possible sentences the defendant can receive. State v. Williams, 420 So.2d 1116 (La.1982); State v. Newman, 491 So.2d 174 (La.App. 3rd Cir.1966); State v. Viera, 449 So.2d 644 (La.App. 4th Cir.1984), writ den. 450 So.2d 962 (La.1984). None of the three grades of R.S. 14:69 provides for a mandatory sentence. Thus, the trial court did not err by refusing to inform the jury of the possible penalties a conviction under each grade of R.S. 14:69 could bring.
In addition, although the defense counsel was not allowed to inform the jury of these penalties, he did inform the jury of the three grades of R.S. 14:69 and the fact that one grade is for the illegal possession of stolen property valued under $100.00, the next grade for property valued "between a hundred and five hundred" dollars, and the third grade for property valued over $500.00. Thus, the jury was made aware of the three grades of R.S. 14:69 and the valuation of the stolen property attached to each grade. Under these circumstances it does not appear that the trial court erred by denying defendant's motion for new trial. This assignment without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.