562 So.2d 455 (1990)
STATE of Louisiana
v.
John E. SPELLMAN.
Nos. 89-K-2048, 89-KO-2059.
Supreme Court of Louisiana.
June 14, 1990.
John F. Rowley, Dist. Atty., Glenn Diaz, Wayne J. McDougall, William J. Guste, Jr., Atty. Gen., for John E. Spellman plaintiff-respondent.
Calvin Johnson, Supervising Atty., Amy E. Redmann, Student Pratitioner, Nick F. Noriea, Jr., for State of La. defendant-relator.
PER CURIAM:
On December 4, 1986, defendant John E. Spellman was brought to a St. Bernard Parish courtroom for trial on one count of *456 forgery, in violation of La.R.S. 14:72. Spellman was in handcuffs and wore a shirt bearing "Property of Orleans Parish Prison" stenciled across its back. His arrival was witnessed by the entire jury venire. At a hearing conducted prior to trial counsel objected to displaying his client to prospective jurors in this fashion. Defendant personally objected to standing trial in prison attire and asked for civilian clothing. After hearing testimony that defendant had rejected a change of clothes offered by deputies, the trial court ruled Spellman had chosen to remain in jail clothes and ordered trial to commence. During voir dire veniremen spoke out spontaneously about the impact of defendant's appearance. Defendant did not take the stand at trial and was found guilty as charged. On appeal, the Fourth Circuit affirmed defendant's conviction and sentence, rejecting among other assignments of error the complaint that Spellman was compelled to stand trial in jail clothes. State v. Spellman, 547 So.2d 1361 (La.App. 4th Cir.1989). We now reverse.
Compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence and denies the defendant due process of law. LSA-Const.1974, Art. I, § 16; Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); State v. Brown, 368 So.2d 961, 962-964 (La.1979) (on rehearing); State v. Leggett, 363 So.2d 434, 438 (La. 1978); State v. Tennant, 262 La. 941, 265 So.2d 230, 234 (1972). The practice is "inherently prejudicial ...," threatens the "fairness of the factfinding process ..." and serves "no essential state policy...." Estelle v. Williams, supra, 425 U.S. at 503-505, 96 S.Ct. at 1692-83. An "inherently prejudicial" practice is tolerated "only where justified by an essential state interest specific to each trial." Holbrook v. Flynn, 475 U.S. 560, 569-570, 106 S.Ct. 1340, 1345-1346, 89 L.Ed.2d 525 (1986). A reasonable delay is appropriate to accomodate a defendant's right to be tried in his own clothes and, moreover, works no hardship on the state. In Brown, we stated:
When the defense objects before the jury is impaneled and the objection is not simply a dilatory tactic, then the state is not prejudiced by allowing defendant the extra time to change to civilian clothing.... Defendant should not be required to wear a prison jumpsuit at the trial ... if [he] objects and desires to wear his own civilian clothing.

Id., 368 So.2d at 963.
The clothing rejected by Spellman belonged to an inmate of the St. Bernard Parish jail. According to a deputy who testified at the pre-trial hearing, the clothing consisted of a "[s]hirt and pants, civilian type." At the same hearing defendant testified he wanted his "own clothes of [his] own choice, not another inmate's clothes [that] wouldn't fit...." The trial court overruled objections, noted Spellman had been "offered ... an opportunity to get his clothes from [the address] ... he gave [authorities] ...," and ordered trial to begin. The appellate court affirmed and, without citation, held that "[a] defendant is not entitled to civilian clothing of his choice but only to reasonably clean and suitable clothing at trial." Id., 547 So.2d at 1363. There was no discussion of defense claims the inmate's shirt had "St. Bernard Parish Jail" across its back or that the trousers were six inches too large in the waist.
Our review of the record fails to disclose a specific "offer ..." by the trial court to allow defendant to get clothes from any address. Further, the appellate court stopped short of finding the inmate's clothes were in fact "reasonably clean and suitable," and the record supports no such inference. The trial court did not examine the inmate's clothing but, instead, merely accepted the deputy's representations at face value. For his part, Spellman protested at the time the clothes would not fit.
A defendant may insist he appear before jurors with all the dignity of a free man, presumed innocent until determined otherwise "solely on the basis of the evidence introduced at trial and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." Holbrook *457 v. Flynn, supra, 106 S.Ct. at 1345, citing Taylor v. Kentucky, 436 U.S. 478, 485, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978). Spellman's prosecution was 17 months old and his case was not called until 1:30 p.m. on the afternoon of December 4th. A delay of a few hours to accommodate a defendant in the matter of clothing would have comported with prior jurisprudence of this Court, State v. Brown, supra, State v. Leggett, supra, and would have avoided a trial contaminated with the "constant reminder of the accused's condition implicit in such distinctive, identifiable attire...." Estelle v. Williams, supra, 96 S.Ct. at 1693. An offer to swap a shirt with "Orleans Parish Prison" on its back with one embossed "St. Bernard Parish Jail" gave the defendant no choice at all.
The record of the voir dire reflects that one prospective juror acknowledged she was "bother[ed]" by the jail clothes and wondered "why is he wearing it." Another remarked "[h]e is innocent until proven guilty, yet he sits here with handcuffs on him...." A third put it more graphically:
... I have a bad feeling. When I seen this man walk in in handcuffs, and on the back it says the property of Orleans Parish [Prison]. It does have an affect on me. I can't see how it wouldn't have an affect on anyone. I mean, if anyone's in handcuffs right then and there, the very first impression is this man is guilty. And this is what struck me. It hit me in the gut. If he is innocent why should you shackle him in chains and put this on his back....
Later during voir dire the trial court, inexplicably, called the venire's attention to the "Orleans Parish Prison" on Spellman's shirt and reminded them that a defendant normally is tried where an offense is committed. One prospective juror remarked this made Spellman "seem like he's guilty of something else in that parish...," and indicated she would probably be harder on him in St. Bernard as a result. The appellate court discerned no error where veniremen expressing reservations about Spellman's attire were excused for cause, concluding that "defendant effectively eliminated, without legal prejudice to him, the probability of prejudice against him for appearing in prison clothes." Id., 547 So.2d at 1363.
We disagree. The record of voir dire shows that the venire was presented with a defendant in handcuffs, dressed in a jail uniform and who was, moreover, an inmate of Orleans Parish Prison and who was not likely to testify at his St. Bernard Parish trial. Merely looking at him told jurors defendant was accused of unrelated criminal conduct elsewhere in the state. The "constant reminder ..." of Spellman's condition could only have "affect[ed] a juror's judgment." Estelle v. Williams, supra.
Under the totality of circumstances in this case, no jury could have been expected to remain impartial and render fair judgment. Defendant's request to stand trial in civilian clothes held sufficient constitutional weight that a reasonable delay should have been granted to allow him to appear before jurors in something other than a prison uniform. Defendant's conviction is therefore reversed and this case is remanded to the trial court for all further proceedings not inconsistent with the views expressed herein.
CONVICTION REVERSED: CASE REMANDED TO THE DISTRICT COURT.