603 So.2d 776 (1992)
STATE of Louisiana
v.
Tracey ANDERSON.
No. KA 91 0470.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*777 Charles Genco, Asst. Dist. Atty., Amite, for plaintiff-appellee.
Michael L. Thiel, Hammond, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
Tracey Anderson was indicted by the Tangipahoa Parish Grand Jury for aggravated rape, in violation of La.R.S. 14:42. On the day of trial, the state amended the indictment to charge the offense of forcible rape, in violation of La.R.S. 14:42.1. After a trial by jury, defendant was found guilty as charged. He appealed, urging eight assignments of error. Because we find merit in defendant's complaint that he should not have been compelled to stand trial before the jury in prison clothing, we pretermit a discussion of defendant's other assignments of error, reverse the conviction, and remand for further proceedings.

FACTS
Defendant was charged with the rape of a convenience store clerk in Hammond, Louisiana, on August 17, 1987. Defendant entered the store to make a purchase. After walking in and out of the store a number of times, he reentered the store, and allegedly forced the clerk into a storeroom, and raped her. A sheriff's deputy entered the store to make a purchase and found the counter unattended. The deputy searched for and discovered defendant and the clerk in the storage area.

DENIAL OF CONTINUANCE

(Assignment of error number 1)
Defendant claims the trial court erred by denying his motion for a continuance so he could change out of prison-issued clothing.
After the case was called for trial but before the voir dire was begun, counsel for the defendant moved for a limited continuance to permit his client to change clothes, asserting that defendant's appearance in prison clothing would prejudice the jurors. The following discussion occurred:
BY THE COURT:
All right, your motion is going to be denied, Mr. Clark. The Court's noting that the circumstances here that we are outside our normal courtroomthat the jury has been summoned and that there has been prior notice of the trial. We'll note that the defendant is not shackled in any manner but that he is in prison garb but the motion will be denied for a continuance.
BY MR. CLARK:
Then, Your Honor, at this time, we'll also ask for an explanation of who was suppose (sic) to have the defendant clothed properly to come to Court. Is it the responsibility of the Sheriff's Department, the D.A. or is it the responsibility of the defense?
BY THE COURT:
Mr. Clark, it's my feeling its the responsibility of the defense to provide appropriate garb for the defendant.
BY MR. CLARK:
Your Honor, also, Mr. Anderson's clothes were stolenthe clothes that he was originally arrested in, they were stolen and he didn't have any more clothes here.
BY MR. GENCO:
That's incorrect. His original clothes were taken as evidence by the Hammond Police Department.
BY MR. CLARK:
However, they are not here in Amite where he is housed.
BY THE COURT:
Well, if they're going to be used as evidence, I can't very well let him wear them, though, Mr. Clark.
*778 BY MR. CLARK:
Your Honor, we would just like the record to note that we did object to the defendant appearing before the jury in the clothes that he's wearing.
BY THE COURT:
All right, that objection is noted.
Prior to the commencement of trial, counsel again objected; and the court overruled the objection. Defendant now claims that the court's refusal to continue the case for a limited time violated his constitutional right to a fair and impartial trial.
In Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the defendant complained that he had appeared at trial in distinctly marked prison issued clothing. After noting that the right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment and that the presumption of innocence is a basic component of a fair trial under our system of criminal justice, the Court concluded that "courts must be alert to factors that may undermine the fairness of the fact-finding process" and "carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." The Court found that no legitimate state purpose was served by denying a request for civilian clothing. Thereafter, the Court noted that the appearance of a defendant in prison garb before a jury is prejudicial on two grounds: 1) the defendant's clothing is so likely to be a continuing influence throughout the trial that an unacceptable risk is presented of impermissible factors coming into play; and 2) compelling the accused to stand trial in prison clothing usually operates only against individuals who cannot post bail prior to trial, violating the concept of equal justice embodied in the Fourteenth Amendment. 425 U.S. at 505-506, 96 S.Ct. at 1693-1694. The Court reasoned that, in some instances, such as where the accused was tried for an offense committed in confinement or if the defendant elected to stand trial in prison garments to gain sympathy from the jury, the appearance of the accused during trial in prison clothing would not require reversal of the conviction. In the matter pending before the Court, the defendant's only objection was a request for civilian clothing made to a jail officer on the morning of trial; and the defendant raised no objection when his request was not honored. Therefore, the Court found that, by failing to raise the objection to the trial judge before or at any time during the trial, the accused waived his right to complain of his clothing.
The Court's conclusion that compelling the defendant to appear in distinctive, identifiable prison clothing is an inherently prejudicial practice was reaffirmed in Holbrook v. Flynn, 475 U.S. 560, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986). In that case, the Court considered the impact of uniformed state police officers seated in the courtroom as a security measure during the trial and found that the risk of prejudice therein was not unacceptable because a legitimate state interest was at stake. The Court stated as follows:
Whenever a courtroom arrangement is challenged as inherently prejudicial, therefore, the question must be not whether jurors actually articulated a consciousness of some prejudicial effect, but rather whether "an unacceptable risk is presented of impermissible factors coming into play," Williams, 425 U.S., at 505, 96 S.Ct., at 1693.
475 U.S. at 570; 106 S.Ct. at 1346-1347.
Two recent Louisiana Supreme Court cases have made it clear that compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection is a serious abridgment of his constitutional rights. In State v. Brown, 585 So.2d 1211, 1212-1213 (La.1991), a per curiam opinion, the Court rejected the Fourth's Circuit's harmless error analysis as follows:
Compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence and denies the defendant due process of law. LSA-Const.1974, Art. I, § 16; Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); State v. Spellman, 562 So.2d 455 (La.1990); State v. Brown, 368 So.2d 961 (La.1979) (on rehearing); State v. Leggett, 363 So.2d 434 (La. 1978); *779 State v. Tennant, 262 La. 941, 265 So.2d 230 (1972). The practice is "inherently prejudicial ...," threatens the "fairness of the factfinding process ...," and serves "no essential state policy...." Estelle v. Williams, supra, 425 U.S. at 503-505, 96 S.Ct. at 1692-93. The failure of a defendant to make a timely objection "is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." Id. 425 U.S. at 513, 96 S.Ct. at 1697. As this Court recently emphasized in State v. Spellman, supra, however, when the defendant makes known his opposition to standing trial clad in identifiable prison attire before the jury has been impaneled, "[a] reasonable delay is appropriate to accommodate a defendant's right to be tried in his own clothes and, moreover, works no hardship on the state." Id. 562 So.2d at 456.
The state concedes that defendant voiced his opposition before voir dire examination and after the trial court's admonition no juror could have missed the significance of relator's attire. Nevertheless, the state argues that the Fourth Circuit correctly found the trial court's error harmless. When a defendant is compelled to wear prison clothes before the jury, however, "... the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment ...," and create "an unacceptable risk ... of impermissible factors coming into play." Estelle v. Williams, supra, 425 U.S. at 504-505, 96 S.Ct. at 1693. The error so affects "[t]he entire conduct of the trial from beginning to end," Arizona v. Fulminante, ___ U.S. ___, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991) (Rehnquist, C.J.), that we find no circumstances in this case which would justify holding such a pervasive and inherently prejudicial practice harmless to the defendant's right to an impartial verdict from the jury he selected.
In State v. Spellman, 562 So.2d 455 (La. 1990), another per curiam opinion cited in Brown, the defendant was brought into a St. Bernard Parish courtroom in handcuffs and wearing a shirt with "Property of Orleans Parish Prison" stencilled across the back. Counsel objected to the attire, and defendant himself asked to be tried in civilian clothing. The court apparently conducted a hearing on the request. After learning that the defendant had rejected an offer of clothing by another inmate, the court rejected defendant's request for civilian clothing and ordered the trial to begin. The defendant was convicted. The Louisiana Fourth Circuit affirmed the conviction. On certiorari, the Supreme Court noted that the record did not contain a specific offer by the court to permit the accused to get clothing from any address. The Court further found that the record did not support a finding that the clothing was reasonably clean and suitable and that the trial court had not examined the clothes to determine their suitability. The Court concluded as follows:
A defendant may insist he appear before jurors with all the dignity of a free man, presumed innocent until determined otherwise "solely on the basis of the evidence introduced at trial and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." Holbrook v. Flynn, supra, 106 S.Ct. at 1345, citing Taylor v. Kentucky, 436 U.S. 478, 485, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978). Spellman's prosecution was 17 months old and his case was not called until 1:30 p.m. on the afternoon of December 4th. A delay of a few hours to accommodate a defendant in the matter of clothing would have comported with prior jurisprudence of this Court, State v. Brown, supra, State v. Leggett, supra, and would have avoided a trial contaminated with the "constant reminder of the accused's condition implicit in such distinctive, identifiable attire...." Estelle v. Williams, supra, 96 S.Ct. at 1693. An offer to swap a shirt with "Orleans Parish Prison" on its back with one embossed "St. Bernard Parish Jail" gave the defendant no choice at all.
. . . . .

*780 Under the totality of circumstances in this case, no jury could have been expected to remain impartial and render fair judgment. Defendant's request to stand trial in civilian clothes held sufficient constitutional weight that a reasonable delay should have been granted to allow him to appear before jurors in something other than a prison uniform.
562 So.2d at 456-457.
One of the Court's concerns in Spellman was the prejudicial inference the jurors could derive from the accused's appearance in clothing marked as property of another parish; "Merely looking at him told jurors defendant was accused of unrelated criminal conduct elsewhere in the state." 562 So.2d at 457. Indeed, at one time, to reverse a conviction on the court's denial of a defense request for civilian clothing, the jurisprudence required that the record show an abuse of the trial court's reasonable discretion resulting in clear prejudice to the accused. See State v. Wilkerson, 403 So.2d 652, 659 (La.1981). See also State v. Leggett, 363 So.2d 434 (La.1978), wherein the Court found the trial court's error in requiring the defendant to stand trial in prison clothing despite his request for civilian clothing was not reversible because other evidence had a far greater potential for prejudicial effect on the jury.[1] In the instant case, defendant offered the defense of consent; thus, any factor which tended to negate his credibility before the jury could have influenced the outcome of the proceeding. The recent rejection of a harmless error analysis in Brown reflects that an accused should not be tried in identifiable prison attire if he expressly objects in a timely manner; and a trial court's error compelling the accused to stand trial under those circumstances cannot be harmless unless the jury otherwise would necessarily be aware that the accused was incarcerated in a correctional or holding facility.
Defendant's express objection herein was appropriate and timely made. Moreover, although this Court cannot review the extent to which the clothing worn by the accused during the trial was identifiable as prison issued attire, the trial court noted for the record "that the defendant is not shackled in any manner but that he is in prison garb."
Accordingly, we find merit in defendant's assigned error and reverse defendant's conviction and sentence. This case is remanded to the district court for further proceedings consistent with the views expressed herein.

DECREE
For the foregoing reasons, the conviction and sentence are reversed, and this case is remanded to the trial court for further proceedings in accordance with law.
REVERSED AND REMANDED.
SHORTESS, J., concurs. I agree with the majority opinion and also note that the trial courts denial of sequestration ruling also has potential must. See State v. Lopez, 562 So.2d 1064 (La.App. 1st 1990).
NOTES
[1] Therein, the defendant was charged with the armed robbery of a bank; and he acknowledged incriminating involvement in the robbery during his cross-examination of every witness; he was identified by four bank employees, a United States Marshal, and the arresting police officer; he was identified in seven photographs taken during the robbery by the bank's surveillance camera; and the defendant took the stand and admitted that he previously had been convicted of robbery and that he was the man in the bank who took the money.