648 So.2d 43 (1994)
STATE of Louisiana
v.
James L. JOHNSON.
No. 94-KA-1172.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
*44 Harry F. Connick, Dist. Atty., Kim Madere Graham, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, WARD and JONES, JJ.
BYRNES, Judge.
On February 3, 1994, a twelve member jury found the defendant, James L. Johnson, guilty of the second degree murder of Adonis Williams. He was sentenced February 21, 1994 to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. His appeal followed. We affirm.
ASSIGNMENT OF ERROR:
Defendant assigns as the only error the fact that he was observed by one of the jurors in shackles and handcuffs. During a recess in the trial, one of the jurors was using a telephone in the Criminal District Court building when he heard noise coming from two floors below. He looked down to see the defendants being led back to prison by sheriff's deputies. The juror said that he did not attach any significance to the event, that he simply happened to look down. He did not make eye contact with the defendant. The juror mentioned to other jurors that he had seen the defendants being moved, and that accordingly he assumed that trial was recessed for the day. There is no indication that he mentioned the sheriff's deputies or the handcuffs and shackles to the other jurors. He said: "In my mind it was no big deal." He stated that in no way did the incident affect his ability to presume the defendant's innocence.
The trial court questioned the juror as to these facts in chambers. The juror acknowledged having seen the defendant in the company of the sheriff's deputies, but made no mention of having seen the shackles and handcuffs. The juror was never asked if he had seen the shackles and handcuffs. However, as it is undisputed that the defendant was in shackles and handcuffs at the time in question, we will give the defendant every benefit and assume for the purposes of argument that the juror did observe the handcuffs and shackles. After questioning the juror on this issue in chambers, the trial was recessed for the day. The next morning, before trial resumed, the defendant moved for a mistrial which the trial court denied. The defendant now argues the trial court erred.
The incident defendant complains of is not one of the mandatory grounds for mistrial enumerated in LSA-C.Cr.P. art. 770. LSA-C.Cr.P. art. 775 provides that a mistrial shall be ordered upon motion of the defendant "when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771."
In State v. Payne, 482 So.2d 178 (La. App. 4 Cir.1986), writ denied 487 So.2d 436 (La.1986), this court noted that a mistrial is a drastic remedy warranted only when an error at trial results in substantial prejudice to a defendant which effectively deprives him of a fair trial. The Louisiana Supreme Court has held that the determination of whether to grant a mistrial under LSA-C.Cr.P. art. 775 is within the trial court's discretion, and its denial of a motion for mistrial should not be disturbed on appeal absent an abuse of discretion. State v. Smith, 433 So.2d 688 (La. 1983); State v. Alexander, 351 So.2d 505 (La.1977). The standard to judge whether a mistrial should have been granted is whether the defendant "suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial." State v. Smith, supra, 433 So.2d at 696; State v. Cushenberry, 407 So.2d 700 (La.1981).
Ordinarily, a defendant before the court should not be shackled or handcuffed or garbed in any manner destructive of the presumption of his innocence and of the dignity and impartiality of judicial proceedings. State v. Smith, 504 So.2d 1070 (La.App. 1 Cir.1987). Having said that, the court refused *45 to reverse the conviction of a defendant who had been observed by several jurors leaving the courtroom in shackles and handcuffs, stating:
... Defendant was not restrained during the presentation of the evidence; he sat at counsel table totally unrestrained.
* * * * * *
... There is no showing that the jurors were influenced by seeing defendant in restraints, nor that they could not render a fair and impartial verdict based on the evidence presented.
State v. Smith, supra, 504 So.2d at 1078.
The facts in the instant case demonstrate an even smaller potential for prejudice to the defendant than existed in State v. Smith. In State v. Spellman, 562 So.2d 455 (La.1990), the defendant was compelled to attend trial in handcuffs and prison clothes. The Court found the situation to be especially egregious because the defendant was wearing distinctive clothing from Orleans Parish Prison but was on trial in St. Bernard Parish. "Merely looking at him told jurors defendant was accused of unrelated criminal conduct elsewhere in the state." Spellman, supra, 562 So.2d at 457. Furthermore, several members of the jury venire acknowledged that the defendant's attire bothered them. Under these facts, the Court concluded that: "Under the totality of the circumstances in this case, no jury could have been expected to remain impartial and render fair judgment." Spellman, supra, 562 So.2d at 457.
Although the court in Spellman reversed and remanded based on a finding of prejudice, it was dealing with facts far removed from the instant case. Unlike the defendant in Spellman, the defendant in the instant case was never "presented" to the jury in handcuffs, nor in prison garb from another jurisdiction that could create the image of a multiple offender/career criminal engaged in a life and pattern of crime. In the instant case Johnson was seen outside the courtroom by one juror, and then only briefly, accidently, and presumably in street clothes. Johnson does not contend that he was in prison garb and the record is silent.
In State v. Wilkerson, 403 So.2d 652 (La. 1981), the jury was leaving the courtroom at the end of the first day of trial. Before they left, a sheriff handcuffed the defendant and his co-defendant. Over half the jury passed within three or four feet of the defendant. The defendant argued that the jury must have seen him handcuffed.
The Louisiana Supreme Court affirmed the denial of his motion for a mistrial. The Court stated that, if the handcuffing was objected to at the time of trial, the record must show an abuse of the trial court's discretion before the error would be reversible. Wilkerson, supra, 403 So.2d at 659. The Court also analyzed the case in terms of the total circumstances and stated:
... [They] were not handcuffed during trial. They were handcuffed solely for the purposes of transport to and from the courtroom. Under the circumstances, the possibility that on one occasion several jurors may have seen the defendant in handcuffs does not appear to have so prejudiced the defendant as to warrant relief on appeal. (Emphasis in original.)
See also State v. Brown, 594 So.2d 372 (La.App. 1 Cir.1991), and State v. Jackson, 584 So.2d 266 (La.App. 1 Cir.1991), writ denied 585 So.2d 577 (La.1991).
In the instant case, only one of the jurors saw the defendant in shackles and handcuffs. Defendant does not contend that he was seen in prison garb. There is no mention of prison garb in the record. Defendant was seen by one juror inadvertently and then only for a short period. That juror testified that his having seen the defendant did not affect his ability to presume the defendant's innocence. The juror acknowledged having seen the sheriff's deputies, but made no mention of the handcuffs and shackles. More than likely, he failed to notice them. However, as we are assuming for purposes of argument that the juror did in fact notice the handcuffs and shackles, it could be argued that the fact that the defendant was casually observed in restraints pursuant to routine transportation procedures, but was released from such restraints in the courtroom may actually have been to defendant's benefit. The contrast between routine procedures involving prisoner *46 restraints during transportation and the release of those restraints in the courtroom could create the impression that defendant was non-violent, no threat to anyone in the courtroom, and was therefore less likely to have committed the violent act of which he was accused. We cannot say that the trial court abused his discretion in denying the motion for mistrial.
For the foregoing reasons, the conviction and sentence are confirmed.
AFFIRMED.
JONES, J., concurs in the result.