CALOGERO, C.J.,*
concurs in the denial of the writ and assigns reasons.
This court has consistently held that an inmate should not be compelled to stand' trial in prison garb over his express objection. E.g., State v. Spellman, 562 So.2d 455 (La.1990). However, relator, who asserts a claim of ineffective assistance of counsel in this regard, has not met his burden of establishing that his counsel’s failure to lodge a timely objection prejudiced his case to the extent that the trial was rendered unfair and the verdict suspect. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Though relator stood trial in identifiable prison clothing, he had several outbursts in the courtroom that led the trial judge to order him gagged for a short time. In addition, the trial judge delivered a forceful admonition to the effect that the jury should not view the prison clothing as evidence of guilt. These particular facts lead to the conclusion that, even though counsel’s objection was not timely made, the error did not prejudice relator so as to compromise the fundamental fairness of the proceedings.
JOHNSON, J.,
would grant the writ for the following reasons:
Compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence and denies the defendant due process of law, State v. Spellman, 562 So.2d 455 (La.1990), supra, citing LSA-Const.1974, Art. I, § 16; Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed 2d 126 (1976); State v. Brown, 868 So.2d 961 (La.1979) (on rehearing); State v. Leggett, 863 So.2d 434 (La.1978); State v. Tennant, 262 La. 941, 265 So.2d 230, (1972). The practice is “inherently prejudicial ...,” threatens the “fairness of the factfinding process ...” and serves “no essential state policy....” Spellman, supra, quoting Holbrook v. Flynn, 475 U.S. 560, 569-570, 106 S.Ct. 1340, 1345-1346, 89 L.Ed.2d 525 (1986).
In this case, upon arrival at the courthouse, defendant complained to his attorney about his prison attire. However, his attorney failed to raise the issue with the trial court until after the jury had already seen defendant in the prison garb. By failing to timely object to his client’s appearance before the jury in prison attire, defendant’s counsel allowed a practice which this court has previously condemned. Although the trial judge instructed the jury to disregard the fact that defendant wore jail clothing, the picture of the defendant wearing prison attire had already been imbedded in the minds of the jurors, and he lost his opportunity to be seen as a free man.
Because, criminal defendants have the right to appear before the jury without suffering the inherently prejudicial infringement on his presumption of innocence occasioned by being forced to wear prison garb, I would grant defendant’s writ application, set aside defendant’s conviction, and order a new trial.

 Marcus, J., not on panel. See Rule IV, Part 2, § 3.