584 So.2d 266 (1991)
STATE of Louisiana
v.
Michael D. JACKSON.
No. 90 KA 1029.
Court of Appeals of Louisiana, First Circuit.
June 27, 1991.
Writ Denied September 27, 1991.
Bryan Bush, Dist. Atty., by Tom Walsh, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
*267 Harley M. Brown, Baton Rouge, for defendant/appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
Michael Jackson was charged by bill of information with first degree robbery, a violation of LSA-R.S. 14:64.1. He pled not guilty. After a jury trial, defendant was found guilty of the responsive offense of simple robbery, a violation of LSA-R.S. 14:65. He was sentenced to seven years at hard labor. He now appeals, urging six assignments of error as follows:
1. The trial court committed error when it denied the defense motion to suppress before the trial.
2. The trial court committed error when it overruled the defendant's objection to a question posed by the state.
3. The trial court committed error when it overruled the defense objection to the identification of defendant.
4. The trial court committed error when it overruled the defendant's objection to the introduction of exhibit S-4
5. The trial court committed error when it overruled the defense motion for mistrial.
6. The trial court committed error when it denied the motion for new trial.
In brief, defendant deletes assignments of error numbers two and three and renumbers the assignments. In his argument in his brief, defendant does not address the deleted assignments; therefore, assignments of error numbers two and three are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.

FACTS
On February 18, 1989, at about 11:00 p.m., defendant entered a Super Fresh grocery store on State Street in Baton Rouge. He walked through the store and entered a small room next to the store's office. Defendant interrupted Kim Blanchard, a cashier who was counting the money from her cash register at the end of her shift. Defendant demanded money and then grabbed cash and checks from the table where Ms. Blanchard was working. While defendant was in the room, Ms. Blanchard saw a black handle of an object sticking out of defendant's coat pocket; she believed this object was a gun. Ms. Blanchard also focused attention on defendant and his clothing. When Ms. Blanchard tried to leave the room, defendant fled from the room and ran out of the store. Ms. Blanchard screamed; as she left the room, she yelled out a code number (Code 9) indicating a shoplifting or robbery. The store bookkeeper pulled Ms. Blanchard into the office and called the police. Ms. Blanchard gave the following description of the robber: a thin, black man, 5'9"-5'10" tall, dressed in blue jeans, a brown jacket, blue knit cap, and tennis shoes.
Bryan Chambers, the night manager who heard Ms. Blanchard's screams and Code 9 alert over the public address system, pursued defendant out of the grocery store. As he ran out of the store, Mr. Chambers saw money lying on the store floor and further down the sidewalk of the shopping center where defendant ran. Mr. Chambers ran after defendant, and kept him in sight until Mr. Chambers took a short cut through the shopping center to head off defendant. Mr. Chambers caught up with defendant as he crossed the street and wrestled defendant to the ground. With the help of another man, Mr. Chambers was able to handcuff defendant.
A few minutes later Baton Rouge police officers arrived at the location where Mr. Chambers caught defendant. The officers saw several $20.00 bills on the ground near defendant. Ms. Blanchard was taken to the location a short distance from the grocery store. She identified defendant as the man who robbed her. Officer John Burkett advised defendant of his rights and conducted a pat-down of defendant's outer clothing. In defendant's right pocket Officer Burkett found a large roll of $20.00 dollar bills and an assortment of checks dated February 18, 1989, and made out to Super Fresh. After defendant was placed in the back seat of the police unit, Ms. Blanchard again identified defendant as the *268 man who robbed her. A search for a weapon was made; none was located.
At the trial Bryan Chambers testified that he ran out of the store after defendant and saw money falling from defendant's pocket as he fled. He further stated that he lost sight of defendant for only twentyfive seconds. In court Mr. Chambers identified defendant as the same man he saw run from the store after the robbery. At trial Ms. Blanchard also identified defendant as the robber.

MOTION TO SUPPRESS

(ASSIGNMENT OF ERROR NUMBER ONE)
By this assignment of error, defendant contends that the store manager effected an arrest when he wrestled defendant to the ground and handcuffed him. He argues that an invalid arrest occurred because a store manager "may not pursue, apprehend, tackle and with great force employing the use of handcuffs, completely restrain and immobilize another on private property, well away from the premises wherein he is employed, when said manager has no knowledge of whether a felony has been committed which would justify a citizen's arrest." He further argues, based on the above argument, that the trial court's ruling denying the motion to suppress was in error. Prior to trial defendant had moved to suppress "all evidence, tangible or intangible," gathered when defendant was arrested; his motion did not state the specific items he wished to suppress.
A private person may make an arrest when the person arrested has committed a felony, whether in or out of the presence of the person making the arrest. LSA-C.Cr.P. art. 214; See State v. Washington, 444 So.2d 320 (La.App. 1st Cir. 1983), writ denied, 445 So.2d 450 (La.1984).
Bryan Chambers heard a store cashier scream in the area of the office where money is counted and heard a code signifying a shoplifting or robbery over the store's public address system. Furthermore, Mr. Chambers, while chasing defendant and prior to catching him, saw cash on the floor of the store and on the shopping center sidewalk along the same path which defendant had run. Subsequently defendant was arrested and charged by law enforcement officers with first degree robbery, a felony. We find the arrest by a private citizen valid under Louisiana statutory law. The trial court did not err in denying defendant's motion to suppress.[1]
This assignment of error lacks merit.

ADMISSIBILITY OF EVIDENCE

(ASSIGNMENT OF ERROR NUMBER FOUR)
By this assignment of error, defendant contends that the introduction into evidence and viewing by the jury of state exhibit number four, a photograph of defendant on the ground at the time of his arrest, resulted in unfair prejudice. Specifically, he argues that the photograph was cumulative because two in-court identifications of defendant were made by witnesses prior to the introduction of the photograph.
Louisiana Code of Evidence art. 403 states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
According to the Handbook on Louisiana Evidence Law, (1991 Ed.) at page 234, Authors' Notes, No. (4) [citing the Advisory Committee's Note to Federal Rule 403] unfair prejudice as used in LSA-C.E. art. 403 "means that in context the offered evidence has `an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" The balancing approach had to some extent been accepted under prior law. It is generally *269 accepted that the trial judge should exclude circumstantial evidence, even though logically relevant, if its probative value is outweighed by the risk that its admission will consume too much time, unnecessarily confuse the jury concerning the issues to be determined, tend to excite the emotions of the jury to the undue prejudice of the opponent, or unfairly surprise the opponent. State v. Ludwig, 423 So.2d 1073 (La.1982); See G. Pugh, R. Force, G. Rault, K. Triche, Handbook on Louisiana Evidence Law, (1991 Ed.) at 235.
Defendant has not alleged any specific facts which show unfair prejudice. Furthermore, the photograph, which depicts defendant dressed in clothing described by Ms. Blanchard and the store manager, is used to corroborate the identifications made on the night of the robbery.
The photograph is relevant to the material issue of identification. Thus, the probative value of the photograph is not outweighed by the risk of unfair prejudice, if any. The trial court did not err in admitting defendant's photograph.
This assignment lacks merit.

MOTION FOR MISTRIAL

(ASSIGNMENT OF ERROR NUMBER FIVE)
Defendant contends that on the morning of the last day of the trial he was seen in chains, shackles, and prison clothing by several jurors. Prior to the continuation of the trial, defense counsel made a motion for mistrial. Defendant testified at a hearing on the motion. He stated that as he was taken into the courthouse, he saw several jurors standing in the lobby. Defendant could name three of the four jurors he saw, but he could not name the fourth. The three named jurors were then individually questioned by the trial court as to whether or not they had seen defendant in prison garb and its effect, if any, on each juror's deliberations in the case. Each juror questioned testified that the sight of defendant dressed in prison clothing would not have an effect on his deliberations. Additionally, the trial court advised the jurors, after they answered in the negative, that seeing the defendant in prison clothing was not relevant to the case. The trial court also asked the jurors not to discuss the incident with any of the other jurors. The trial court, in denying the motion for mistrial, stated:
Okay, while this occurrance was unfortunate, the court has taken the only precaution it knows to take. The jurors have stated that that would not effect (sic) their decision one way or the other; therefore, the motion is denied.
We find that the trial court did not abuse its discretion in refusing to grant a mistrial. Under the circumstances, the fact that three jurors saw defendant in chains, shackles, and prison clothing did not so prejudice defendant as to warrant relief on appeal. Mistrial is a drastic remedy and should only be granted on a showing of substantial prejudice. There is no showing that defendant's presumption of innocence was destroyed or that any juror was influenced by seeing defendant in chains, shackles, and prison clothing. See State v. Burge, 486 So.2d 855 (La.App. 1st Cir.), writ denied, 493 So.2d 1204 (La.1986).
This assignment of error lacks merit.

MOTION FOR NEW TRIAL

(ASSIGNMENT OF ERROR NUMBER SIX)
In the trial court, defendant's motion for new trial was based upon his argument that an invalid arrest occurred and upon his argument that he was prejudiced when jurors saw him in prison garb. These issues were addressed in assignments of errors numbers one, four and five and found to be meritless. Therefore, we find that the trial court did not err in denying defendant's motion for new trial.
This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In determining whether a ruling on a motion to suppress was correct, we are not limited to the evidence adduced at the hearing on that motion. We may consider all pertinent evidence given at the trial of the case. State v. Fleming, 457 So.2d 1232, 1235 n. 3 (La.App. 1st Cir.), writ denied, 462 So.2d 191 (La.1984).