809 So.2d 198 (2001)
STATE of Louisiana
v.
Ricky JACKSON.
No. 2000 KA 2202.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*199 Richard J. Ward, Jr., District Attorney, Becky L. Chustz, Assistant District Attorney, Port Allen, for AppelleeState of Louisiana.
Frederick Kroenke, Baton Rouge, for DefendantAppellantRicky Jackson.
Before: PARRO, FITZSIMMONS and GUIDRY, JJ.
FITZSIMMONS, J.
The defendant, Ricky Jackson, was charged by bill of information with possession of cocaine with intent to distribute in violation of La.R.S. 40:967A and B. He filed a motion to suppress the evidence, which was denied. On June 22, 2000, subsequent to a Boykin colloquy, he entered into a Crosby plea agreement, pleading guilty as charged and reserving his right to appeal. He was sentenced to 12 years of imprisonment at hard labor, with the first 5 years to be served without the benefit of parole, probation or suspension of sentence. The defendant now appeals. He urges a single assignment of error: the trial court erred in denying the defendant's motion to suppress the evidence that resulted from an unconstitutional search and seizure.

STATEMENT OF THE FACTS
On February 14, 1999, the defendant entered the Vibes and Visions club in West Baton Rouge Parish. Daryl Foley, employed by the club as a security guard, was standing inside the club near the entrance. Mr. Foley's job was to stand at the door and pat down those who entered to check for contraband or weapons and to break up fights. The defendant entered and exited the club several times on that date. Each time he entered, Foley patted him down. When Foley patted him down upon his final entrance, Foley felt something "crunchy" and "suspicious" under the defendant's shirt. Foley told Mr. Jackson to show him what was under Jackson's shirt. The defendant pulled out a plastic bag that to Foley "looked very suspicious, like some *200 drugs or something, and when [Foley] looked at it, he [Jackson] snatched it back...." Thereafter, Foley testified that the substance appeared to be crack cocaine.
Detective Keith Kibby of the West Baton Rouge Parish Sheriff's Department was standing against the wall inside the club in the same area where Foley was conducting the pat downs. He was accompanied by two other detectives and a deputy. Upon Foley's detection of a substance resembling a bag of crack cocaine, Foley signaled Detective Kibby to intervene. When Detective Kibby approached the defendant, Detective Kibby could see the tip of a plastic bag sticking out of Mr. Jackson's pocket and Jackson's hand attempting to cover it. Detective Kibby moved the defendant's hand out of the defendant's pocket. The baggie revealed a rock-looking substance that appeared to Detective Kibby to be a bag of cocaine in defendant's hand. Detective Kibby then advised the defendant of his rights, arrested him and seized the evidence. There were approximately 37 white rocks in the baggie. The crime laboratory report determined that the white substance contained cocaine.

DISCUSSION
Mr. Jackson contends that the trial court erred in denying his motion to suppress the cocaine taken from him by Detective Kibby. However, Mr. Jackson acknowledges that a search by a private citizen (Foley in this case) on that citizen's own initiative is not prohibited by the Fourth Amendment because the amendment only protects against illegal searches by government agents. United States v. Jacobsen, 466 U.S. 109, 112, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984); State v. Gentry, 450 So.2d 773, 776 (La.App. 5th Cir.1984) affirmed, 462 So.2d 624, 628 (La. 1985).[1] The defendant further concedes that, once a private search reveals an item, the Fourth Amendment does not prohibit governmental use of the item as evidence. State v. Gentry, 450 So.2d at 776-77.
It is, however, asserted by the defendant that the cases which have upheld the admissibility of evidence obtained in searches by private citizens are distinguishable from the instant case because Detective Kibby, and not a private citizen, seized the contraband. The defendant maintains that the seizure by Detective Kibby was prohibited because, at all times, the defendant had maintained possession of the cocaine; Mr. Jackson alleges that he had returned the baggie to his person and to his expectation of privacy subsequent to the pat down by Foley and prior to the seizure by Detective Kibby. In this regard, the defendant, Mr. Jackson, points out that Foley did not tell Detective Kibby that Mr. Jackson was carrying cocaine. The officer did not know what was contained in the defendant's pocket when he initiated the search.
Louisiana Revised Statute 14:95.4A provides in pertinent part:
Any person entering an alcoholic beverage outlet ..., by the fact of such entering, shall be deemed to have consented to a reasonable search of his person for any firearm by a law enforcement officer or other person vested with police power, without the necessity of a warrant.
This statute authorizes the type of pat down which Foley regularly conducted at the entrance to the club for the purpose of detecting firearms and, specifically, the pat down of the defendant. Clearly, the initial pat down search by private citizen *201 Foley was not prohibited under the United States or the Louisiana constitution. The nature of the item seen by Foley was not communicated to Detective Kibby; Foley's contact consisted solely of an alert.
It should be emphasized that the club premises consisted of a private establishment; therefore, the expectation of privacy by its patrons becomes distinguishable from that in a public location or on one's own property. It was the club's standard procedure to have a private security guard conduct a pat down to search for contraband or weapons every time someone entered. Mr. Jackson re-entered the club several times prior to the ultimate pat down that disclosed the cocaine. He had previously been patted down by Foley that evening. Mr. Jackson was not caught off guard by the private frisk; he was aware that, each time he entered the club, he would routinely be subjected to a pat down. It is clear and undisputed that, by entering the club, he had no expectation of privacy and that Mr. Jackson consented to the search. Additionally, Mr. Jackson pulled the bag of cocaine out of his shirt and showed it to Foley, rather than be denied entrance.
When an individual reveals private information to another, he assumes the risk that the information will be relayed to the authorities. The Fourth Amendment does not prohibit governmental use of the then non-private information. Jacobsen, 466 U.S. at 117, 104 S.Ct. at 1658. The legality of the governmental search must be tested by the scope of the antecedent private search. Jacobsen, 466 U.S. at 116, 104 S.Ct. at 1658.
Foley testified at the hearing on the motion to suppress that he had been advised by the Sheriff's Department that when he (Foley) found anything that appeared to be a weapon or contraband on a patron, a police officer would take over from there. Although Foley did not state to Detective Kibby that the defendant was carrying cocaine, their established non-verbal working relationship and Detective Kibby's response to Foley's communication are delineated by Detective Kibby in the following colloquy:
A. Mr. Foley signaled for me to come over. Usually when he does that he has something on someone, whether it be a weapon or contraband or whatnot.
* * *
Q. You pulled his hand from his pocket?
A. Yes, sir.
Q. You wouldn't consider that a search?
A. Not at that particular time because I didn't know what he had in his hand.
Q. Do you feel like you had a right to take his hand out of his pocket?
A. Yes, I did.
Q. And what was that right based on?
A. That he may have been holding a weapon or something. I couldn'tI didn't exactly know what it was, you know. I saw, like the tip of a little plastic bag, okay. I didn't know exactly what it was at the time, so as I pulled his hand from his pocket, you can see the plastic bag contained the white rocks in it.
Had Mr. Foley told Detective Kibby that he saw what appeared to be rock cocaine on Mr. Jackson's person, probable cause would have existed for Detective Kibby to search the defendant. The Fourth Amendment is invoked only if the governmental authorities utilize information for which the expectation of privacy has not already been frustrated. Jacobsen, 466 U.S. at 117, 104 S.Ct. at 1658-1659. An uninterrupted continuum was, *202 nonetheless, established between the information revealed in the private search by Foley, the relayed information to the detective, and the detective's personal observation of the tip of the bag in defendant's pocket which the defendant attempted to cover. Foley's non-verbal signal notified Detective Kibby of the probability of an illegal object on the defendant's person; however, Detective Kibby could not be sure whether it was contraband or a weapon at that point.
Pursuant to the dictates of La. R.S. 14:95.4A, a search of the defendant by Detective Kibby was legally permitted to dispel the possibility that Mr. Jackson was armed. Moreover, even in the absence of a specific statute automatically deeming patrons to have consented to a reasonable search, the right of law enforcement officers to briefly frisk for weapons during the course of an investigation is justified if a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. State v. Scott, 561 So.2d 170, 174 (La.App. 1st Cir.), writ denied, 566 So.2d 394 (La.1990). In such circumstances, due weight must be applied to the specific reasonable inferences which the officer is entitled to draw from the facts in light of his experiences. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968).
In the instant case, Officer Kibby did not conduct a general exploratory search for whatever evidence of criminal activity he might uncover. The limited search, confined to the suspicious object that defendant was attempting to conceal, consisted of the least intrusive means reasonably available to insure the officer's own safety during the encounter. Terry, 392 U.S. at 29-30, 88 S.Ct. at 1884. When the defendant's hand was removed from his pocket, the plastic bag containing the white rocks became apparent to the officer. At that juncture, Officer Kibby clearly possessed probable cause to search the bag in question and to seize the contraband without a warrant. It was constitutionally reasonable. Jacobsen, 466 U.S. at 121-122, 104 S.Ct. at 1661; see also United States v. Place, 462 U.S. 696, 701-702, 103 S.Ct. 2637, 2641, 77 L.Ed.2d 110 (1983).[2]
The Louisiana Supreme Court has also recognized as lawful a limited search, comparable to the one by Detective Kibby, if the governmental officer possesses probable cause for arrest, regardless of whether the arrest comes before or after the search. See State v. Melton, 412 So.2d 1065, 1067 (La.1982). Officer Kibby had probable cause to believe that the defendant possessed contraband or a weapon, and he was justified in the warrantless detention/arrest and search. La.C.Cr. P. art. 213; Id. at 1068.
Accordingly, the trial court did not err in denying the defendant's motion to suppress, and this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
PARRO, J., concurs.
*203 GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I dissent from the majority opinion in this matter. The private citizen who conducted the search of the defendant did not communicate to the police officer what was discovered during the private search before the officer conducted his own search and ultimate seizure of the cocaine. The drugs had been returned to the defendant's pockets prior to the officer's actions and the defendant had a renewed and legitimate expectation of privacy at that point in time. The police officer's actions constituted an additional infringement on the defendant's privacy beyond that imposed by the already completed private search.
The record before us is clear in that the police officer was conducting a search for evidence of criminal activity rather than trying to insure his safety. The search and seizure clearly was violative of the defendants' constitutional rights. Therefore, I respectfully dissent.
NOTES
[1] Similarly, La. Const. art. I, § 5, does not prohibit reasonable searches by private citizens. See State v. Hutchinson, 349 So.2d 1252 (La.1977).
[2] We also note a decision from the Louisiana Fourth Circuit Court of Appeal in which the court held that a defendant who had a clenched first possessed no expectation of privacy after he had been stopped by officers pursuant to a pedestrian tip that a citizen meeting the defendant's description was selling drugs at the street corner. Asking the defendant to open his fist did not constitute an unreasonable search and seizure. State v. Parker, 94-0624 (La.App. 4 Cir. 11/8/94), 645 So.2d 1309, 1310, writ denied, 94-3042 (La.9/15/95), 660 So.2d 446. A fortiori, the search in the instant case would not be unreasonable because it transpired on private premises in which alcoholic beverages were sold.