991 So.2d 86 (2008)
STATE of Louisiana
v.
Joseph LAVERGNE.
No. 2008 KA 0044.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*87 Doug Moreau, Sonya Cardia-Porter, Baton Rouge, LA, for Appellee, State of Louisiana.
Rodney Messina, Baton Rouge, LA, for Defendant/Appellant, Joseph Lavergne.
Before WHIPPLE, GUIDRY and HUGHES, JJ.
WHIPPLE, J.
The defendant, Joseph Lavergne, was charged by bill of information with driving while intoxicated (DWI), third offense, a violation of LSA-R.S. 14:98. He originally pled not guilty. The defendant filed a motion to suppress the physical evidence and oral statements. Following a hearing, the trial court denied the motion. The defendant subsequently withdrew his not guilty plea and pled guilty as charged. The defendant reserved his right to appeal the district court's denial of his motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced to imprisonment at hard labor for three years. The court suspended all but thirty days of the sentence, which was ordered to be served without benefit of probation, parole, or suspension of sentence. The trial court placed the defendant *88 on supervised probation for three years, subject to various general and special conditions, including requirements that the defendant undergo a substance abuse evaluation, attend a court approved inpatient substance abuse treatment facility and any outpatient treatment recommended by the treating physician, and undergo subsequent home incarceration. The court also ordered the defendant to pay a $2,000.00 fine. The defendant now appeals. In a single assignment of error, the defendant challenges the district court's ruling on his motion to suppress. The defendant presents the following issues for review:
1. Whether a Texas volunteer fireman who had activated emergency lights and sirens on his vehicle, who was reasonably believed to be a police officer, was acting under the color of state law when he stopped another vehicle.
2. Whether seizing the defendant's car keys constituted a seizure of his person and whether such a seizure was lawful in lieu of the circumstances.
3. Whether a private citizen can lawfully conduct a stop and seizure for a suspected DWI offense.
Finding no merit in the assigned error, we affirm.

FACTS
Because the defendant pled guilty, the facts of the offense were never fully developed at a trial. The following facts were gleaned from the testimony introduced at the hearing on the defendant's motion to suppress.
On February 14, 2003, Peter Martins, a volunteer firefighter from Texas, was traveling on Interstate 10 in Baton Rouge, Louisiana, when he observed a vehicle driving erratically. Laura Hermes, a passenger in Marlins's vehicle, contacted the local police to report the reckless driving. Martins continued to follow the vehicle, which was driven by an individual subsequently identified as the defendant. Eventually, Martins engaged the sirens and strobe lights equipped on his personal vehicle and conducted a stop. Once the defendant stopped, Martins exited his vehicle and approached the defendant's vehicle. After brief questioning by Martins, the defendant indicated that he needed to urinate. When the defendant walked away to relieve himself, Martins removed the keys from the defendant's vehicle. Martins did not return the defendant's keys until he observed the police nearby.
Louisiana State Trooper Dwight Henson was dispatched to investigate the "civilian" stop. Once Henson arrived on the scene, Martins provided a written statement regarding his observations. Martins then left the scene. Following on-the-scene field sobriety tests, the defendant was arrested and charged with D.W.I., third offense.

ARGUMENT # 1
The defendant first argues that Martins, by activating his emergency lights and sirens, was acting under the color of state law when he stopped the defendant's vehicle. He asserts that since he reasonably believed that Martins was a law enforcement official, Martins's actions should be attributable to the state. The defendant further argues that the seizure of his person by Martins violated the Fourth Amendment of the United States Constitution.[1] In response, the state argues that the trial court was correct in its *89 finding that Martins acted as a private citizen and not a state actor.
The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures by the government. It provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." A search and/or seizure by a private citizen, acting in his capacity as a private citizen, is not prohibited by the Fourth Amendment because the amendment only protects against actions by government agents. See United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984); see also State v. Jackson, 2000-2202, p. 2 (La.App. 1st Cir.6/22/01), 809 So.2d 198, 200, writ denied, XXXX-XXXX (La.6/7/02), 817 So.2d 1145. Thus, before we can determine whether the defendant's Fourth Amendment rights were violated, we must determine if there was government action.
Although the Fourth Amendment is designed to protect against governmental intrusion, in certain situations, private citizens can be considered to have acted as agents of the government. Useful criteria in determining whether an individual was acting as a private party or as an instrument or agent of the government are: (1) whether the government knew of and acquiesced in the intrusive conduct; (2) whether the private party's purpose in conducting the search was to assist law enforcement agents or to further its own ends; (3) whether the private actor acted at the request of the government; and (4) whether the government offered the private actor a reward. See United States v. Ginglen, 467 F.3d 1071, 1074 (7th Cir. 2006).
Recognizing the need for governmental action to invoke the application of the Fourth Amendment, the defendant contends Martins acted "under the color of law" or as a government agent in conducting the traffic stop. In support of this contention, the defendant asserts that Martins held himself out to be a police officer and acted with the intention of assisting law enforcement. The defendant further asserts that the law enforcement officials were aware of, and thereby condoned, Martins's "intrusive" actions.
Applying the relevant criteria to the facts of this case, we disagree and find no error in the trial court's conclusion that Martins acted as a private citizen in this case. Despite the defendant's contention to the contrary, there is no evidence that Martins acted under the instruction of law enforcement. Martins possession and utilization of a siren and emergency lights, items customarily used by police, did not automatically convert his actions to government actions. Martins specifically testified that he was never directed to stop the defendant's vehicle, but he did so on his own initiative. Martins further testified that, although Hermes called 911 to report the incident, he never personally spoke with anyone from law enforcement prior to activating his emergency lights and conducting the stop. He stated that his primary motivation for stopping the defendant was not to assist law enforcement, but to prevent "an accident that was going to happen any second." Specifically, Martins acted to prevent the defendant from fatally injuring someone with his erratic driving. Martins testified that although he utilized a siren and emergency lights on his unmarked vehicle, he did not tell the defendant that he was a police officer.
Martins's explanation of the motivation for his actions (concern for public safety), and the fact that he never spoke with or was directed by law enforcement *90 supports the trial court's conclusion that he acted as a private citizen and not as a government agent when he stopped the defendant's vehicle. The first governmental action occurred when Trooper Henson arrived, questioned the defendant in connection with the citizen's report, and performed the field sobriety tests. Absent any governmental action in connection with the initial stop, the Fourth Amendment does not apply.
This argument lacks merit.

ARGUMENT #2
In his second argument, the defendant asserts that he was unlawfully seized by Martins, "a private citizen cloaked with state authority," in violation of the Fourth Amendment. As noted in the previous argument, the Fourth Amendment does not protect against private trespasses. Because we have held that there was no government action and/or Fourth Amendment applicability in this case prior to the time Trooper Henson arrived on the scene, we need not address this argument. However, even if Marlins's actions were to be considered a "seizure" of the defendant's person, said seizure by Martins in his capacity as a private individual is not prohibited by the Fourth Amendment.[2]
This argument also lacks merit.

ARGUMENT #3
In his third and final argument, the defendant submits the alternative contention that LSA-C.Cr.P. art. 214 does not give a private citizen the authority to lawfully conduct a stop and seizure for a suspected DWI offense. Specifically, the defendant argues that Martins's actions amounted to an illegal citizen's arrest because DWI is generally a misdemeanor.
Louisiana Code of Criminal Procedure article 214 allows the arrest of a person by a private person when the person arrested has committed a felony, whether in or out of the presence of the person making the arrest. See State v. Jackson, 584 So.2d 266, 268 (La.App. 1st Cir.), writ denied, 585 So.2d 577 (La.1991). In this case we need not reach the issue of whether a private citizen has the authority to effect a stop by another for an offense that under some circumstances constitutes a felony and under others is merely a misdemeanor, i.e., DWI. As the state correctly notes in its brief, the erratic driving witnessed by Martins was sufficient to justify a stop for the felony offense of aggravated obstruction of a highway of commerce. Further, LSA-R.S. 14:96 defines aggravated obstruction of a highway of commerce as "the intentional or criminally negligent placing of anything, or performance of any act, on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, wherein it is foreseeable that human life might be endangered." (Emphasis added.). During the hearing in this case, Martins explained that the defendant was erratically "swerving, multiple lanes at a time" going from "one edge of the road, completely across the freeway to the other side of the road." The defendant's erratic driving caused drivers of other vehicles on the interstate at that time to take "evasive maneuvers to avoid him, slamming on their breaks," to avoid a collision. According to Martins, the defendant's erratic driving "was an accident that was going to happen any second."
*91 In denying the motion to suppress, the trial court specifically found that Martins acted as a private citizen. As previously noted, we agree with this finding as it is supported by the record. We further find that despite any suspicions of impairment, the evidence adduced at the hearing reflects that the defendant did, in fact, commit a felony, which authorized Martins, a private person, to make his arrest for aggravated obstruction of a highway of commerce. See LSA-R.S. 14:96. Martins used only that force which was necessary to detain the defendant until the police arrived and to insure the safety of other drivers. The fact that the defendant was subsequently charged with driving while intoxicated is of no moment.
This argument also lacks merit.

REVIEW FOR ERROR
In accordance with our review for error pursuant to LSA-C.Cr.P. art. 920(2), we note as follows. The record reflects that the trial court erred in imposing the period of probation. After suspending all but thirty days of the three-year sentence of imprisonment, the trial court ordered that the defendant serve a period of three years on supervised probation. However, LSA-R.S. 14:98(D)(1)(a) provides that, "[i]f any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time equal to the remainder of the sentence of imprisonment[.]" (Emphasis added). Because thirty days of the sentence of imprisonment were not suspended, the defendant should not have been placed on probation for the full three years. Instead, probation should have been limited to two years and eleven months, i.e., the period of time equal to the remainder of the sentence of imprisonment. Because this error is inherently prejudicial, pursuant to State v. Price, 2005-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112, 124-125 (en banc), writ denied, XXXX-XXXX (La.2/22/08), 976 So.2d 1277 we will correct the sentence under LSA-C.Cr.P. art. 882(A). Accordingly, we amend the sentence to provide that the probationary period shall be two years and eleven months. The case is remanded to the district court for correction of the minutes, and the commitment order, if necessary.
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is amended, and as amended, affirmed.
CONVICTION AFFIRMED. SENTENCE AMENDED AND AFFIRMED, AS AMENDED. REMANDED TO DISTRICT COURT FOR CORRECTION OF MINUTES AND COMMITMENT ORDER.
NOTES
[1] The defendant does not allege that a violation of the Louisiana Constitution occurred. We therefore consider only whether the defendant's rights under the Fourth Amendment were violated.
[2] Again, the defendant does not argue that Martins's actions violated his rights under the Louisiana Constitution.