IN THE SUPREME COURT OF NORTH CAROLINA

No. 421A13

FILED 12 JUNE 2014

STATE OF NORTH CAROLINA

v.

DOROTHY HOOGLAND VERKERK

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 747 S.E.2d 658 (2013), vacating a judgment entered on 7 September 2012 by Judge A. Robinson Hassell in Superior Court, Orange County, and remanding to the trial court for further proceedings. On 7 November 2013, the Supreme Court allowed the State's petition for discretionary review of additional issues. Heard in the Supreme Court on 18 March 2014.

*Roy Cooper, Attorney General, by Derrick C. Mertz and Lauren Tally Earnhardt, Assistant Attorneys General, for the State-appellant/appellee.*

*Law Office of Matthew Charles Suczynski, PLLC, by Matthew C. Suczynski and Michael R. Paduchowski, for defendant-appellant/appellee.*

EDMUNDS, Justice.

Defendant Dorothy Verkerk pleaded guilty to the offense of driving while impaired, reserving her right to appeal the trial court's denial of her motion to suppress. The motion focused on whether a firefighter possessed legal authority to stop her car, not on the actions taken by or the evidence presented by the police officers who later stopped her again and charged her. Because she has never

challenged the actions of the arresting officers, defendant has presented no legal basis for suppressing the evidence supporting her conviction. Accordingly, we reverse the holding of the Court of Appeals.

At approximately 10:30 p.m. on 27 May 2011, Fire Engine 32 of the Chapel Hill Fire Department was returning from a call. Fire Department Lieutenant Gordon Shatley, who was commanding the Engine, became concerned about the erratic driving of a vehicle proceeding in the same direction on U.S. Highway 15-501 South in Chapel Hill. Lt. Shatley relayed information about the vehicle's description, actions, and location to the Chapel Hill Police Department. The police were unable to respond promptly, so Lt. Shatley followed the vehicle. When he observed it continue to drift between lanes and then nearly strike a bus, he ordered the driver of Engine 32 to activate its emergency lights and siren. He testified that he did so to keep other motorists from passing both vehicles.

The vehicle then moved into the left lane and sharply back into the far right lane, where it came to an abrupt stop after hitting the curb with force sufficient to send sparks shooting into the air. Engine 32 stopped behind it and Lt. Shatley approached the vehicle to offer assistance to defendant driver. After Lt. Shatley spoke with defendant for at least ten minutes and she appeared to agree that her car could be parked for the evening at a nearby lot, she unexpectedly drove away from the scene and turned onto Environ Way, where parking was available. At approximately the same time, Chapel Hill police officers arrived and Lt. Shatley

indicated where the vehicle had gone. The officers drove in that direction while Lt. Shatley and Engine 32 returned to the fire station. Thereafter, Chapel Hill police officers encountered[1] defendant, investigated her condition, and cited her for driving while impaired and driving while license revoked.

Defendant was found guilty of driving while impaired in District Court, Orange County on 10 January 2012. Defendant appealed to the superior court, where she filed a motion to suppress in which she argued that firefighters do not have legal authority to conduct traffic stops. Following a hearing on 2 August 2012, the trial court filed a written order denying defendant's motion. On 7 September 2012, defendant pleaded guilty to driving while impaired but reserved her right to appeal the court's denial of the suppression motion. The State dismissed the charge of driving while license revoked.

Defendant appealed the denial of her motion to suppress to the Court of Appeals. On 3 September 2013, a divided court issued an opinion finding that Lt. Shatley's actions constituted a seizure for the purposes of the Fourth Amendment. *State v. Verkerk*, ___ N.C. App. ___, ___, 747 S.E.2d 658, 663-64 (2013). The court vacated the trial court's order and remanded the matter for further proceedings. *Id.* at ___, 747 S.E.2d at 673. The dissenting judge generally agreed with the majority

---

[1] Although the record is ambiguous as to whether defendant's vehicle was in motion when the Chapel Hill Police reached her and the parties disagreed on that point at oral argument, defendant has never argued that she was not "operating" her vehicle then. *See* N.C.G.S. §§ 20-4.01(25), -138.1(a) (2013). For convenience, we will refer to defendant's encounters with Lt. Shatley and with the Chapel Hill police as "stops."

regarding the seizure, but argued that a remand was unnecessary because the evidence was sufficient to hold that Lt. Shatley was a State actor and that he had seized defendant without sufficient legal authority. *Id.* at ___, 747 S.E.2d. at 673-74 (Hunter, Robert C., J., concurring in part and dissenting in part). Defendant appeals as of right on the basis of the dissent. N.C.G.S. § 7A-30(2) (2013). We also allowed the State's Petition for Discretionary Review. *Id.* § 7A-31 (2013).

Defendant's motion filed with the trial court is titled "Motion To Suppress Traffic Stop." The motion does not cite a specific statute, but instead states that it is filed

> pursuant to the Fourth Amendment to the Constitution of the United States as . . . applied to the states through the Fourteenth Amendment of the Constitution of the United States and pursuant to the parallel provisions of the Constitution of North Carolina, Chapter 15A of the General Statutes of North Carolina and applicable Federal and North Carolina case law.

Defendant's motion does not specify what evidence she seeks to suppress, instead focusing entirely on defendant's contention that Lt. Shatley had no legal authority to stop her.

The record indicates that defendant was stopped twice. The first stop was in response to Engine 32's lights and siren, while the second was initiated by the Chapel Hill police after defendant drove away from Lt. Shatley. In her appeal to this Court, defendant again contends that evidence from the first stop was improperly obtained. Accordingly, we conclude that defendant seeks to suppress all

evidence obtained from the moment when Engine 32's emergency signals were activated until she drove away from Lt. Shatley.

However, we need not consider the extent of Lt. Shatley's authority to conduct a traffic stop or even whether the encounter with Lt. Shatley amounted to a "legal stop." The record demonstrates that sufficient other evidence was presented to establish that the Chapel Hill police had reasonable suspicion to stop defendant based upon Lt. Shatley's observations of defendant's driving that he transmitted to the Chapel Hill police before activating the lights and siren. When Chapel Hill police officers stopped defendant, they made their own assessment of her condition and collected sufficient evidence to support the charges they subsequently filed. At defendant's plea hearing, the prosecutor quoted from the affidavit of the arresting officer, who reported that:

> I spoke with [defendant]. She said she was on her way home from a party where she had at least three glasses of wine. I noticed a strong odor of alcohol coming from her person. I asked her to perform several field sobriety tests which she did poorly on. I tried – I had to stop one test due to safety concerns for [defendant].

Defendant never contradicted or challenged any evidence relating to the stop by Chapel Hill police officers. Moreover, defendant has never argued that any legal error in the first stop would have any effect on the admissibility of evidence gathered before that first stop by Lt. Shatley or during the second stop by Chapel Hill police officers.

Because the stop by the Chapel Hill police was supported by reasonable suspicion independent of any evidence derived from Lt. Shatley's stop of defendant, we conclude that the trial court correctly denied defendant's motion to suppress. We reverse the holding to the contrary by the Court of Appeals.

REVERSED.