**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)　　Case No. 1803015446
　　　　　　　　　　　　　　　　　　　)
ORLANDO L. WALKER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant　　　　　　　　　)

Submitted:　　August 21, 2018
Decided:　　　October 16, 2018

Kristina Lehman, Esquire　　　　　　　　　　　James M. Stiller, Esquire
Deputy Attorney General　　　　　　　　　　　Schwartz & Schwartz
820 N. French Street, 7th Floor　　　　　　　　1140 South State Street
Wilmington, DE 19801　　　　　　　　　　　　Dover, DE 19901
*Attorney for the State of Delaware*　　　　　　*Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION TO SUPPRESS**

The defendant, Orlando L. Walker (hereinafter the "Defendant"), brings this Motion to suppress evidence. Defendant was arrested and charged for Driving Under the Influence ("DUI") for which he now stands trial. Defendant is seeking the suppression of all evidence against him, claiming that the stop of his vehicle by the deputy fire chief of the Odessa Fire Company constituted an unlawful stop. The State opposes Defendant's request and alleges that the deputy fire chief of the Odessa Fire Company was acting as a private citizen and not as a state actor and therefore evidence, which is fruit of said stop, is admissible and not subject to the exclusionary rule.

1

On August 21, 2018, a motion hearing was held and the issue of whether the deputy fire chief of the Odessa Fire Company is considered a state actor was presented to the Court.[1] Defendant's Motion to Suppress contained other issues which were presented to the Court at the motion hearing and the Court ruled as to those. Reserved for purposes of this Opinion was solely the issue of whether the deputy fire chief constituted a state actor. The Court took judicial notice of the fact that the Odessa Fire Company is not affiliated with the Office of the State Fire Marshal, thus rendering the deputy fire chief a volunteer firefighter, as requested by Defendant.[2] Trial is scheduled for November 13, 2018. This is the Final Decision and Order of the Court on Defendant's Motion to Suppress.

## FACTS AND PROCEDURAL HISTORY

On March 24, 2018, Defendant was arrested for DUI, in violation of 21 *Del. C.* § 1477(a), Leaving the Scene of a Property Collision Accident, in violation of 21 *Del. C.* § 4201(a), Failure to Provide Information at Collision Scene Resulting in Property Damage, in violation of 21 *Del. C.* § 4201(b), Failure to Report a Collision Involving Alcohol or Drugs, in violation of 21 *Del. C.* § 4203(a), and Careless Driving, in violation of 21 *Del. C.* § 4176(a). These charges are the result of the following events.

In the early morning hours of March 24, 2018, at approximately four-thirty a.m., Defendant allegedly struck a parked fire truck at the scene of a house-fire while Defendant was traveling north on Summit Bridge Road ("Route 301"). Keith Thomas Shoemaker, deputy fire chief of the Odessa Fire Company, was notified upon arrival to the house-fire that a red truck with a Pennsylvania

---

[1] During the motion hearing on August 21, 2018 all parties conceded that if the Court found that the deputy fire chief was acting under the color of state law then he would not have had legal authority to make the stop of Defendant's vehicle.

[2] Defendant requested that the Court take judicial notice at the motion hearing. *See also* Def.'s Mot. ¶ 5(A).

license plate had struck the fire truck and fled north on Route 301. The deputy fire chief then attempted to locate Defendant by traveling north on Route 301. Upon locating a red truck with a Pennsylvania license plate meeting the description, the deputy fire chief pulled next to Defendant's vehicle and behind Defendant's vehicle in an attempt to gain Defendant's attention without success. It was at that time that the deputy fire chief activated his vehicle's emergency lights which prompted Defendant to pull over on the right shoulder of the road. The deputy fire chief pulled behind Defendant's vehicle driving a red Chevy Tahoe-like SUV marked with the fire company logo and announced via the vehicle's loudspeaker for Defendant to remain in his vehicle.

Arresting officer, Corporal Saccomanno of the Delaware State Police Troop 9 ("Troop 9") responded to the scene followed by Corporal Hennon, also of Troop 9. It is unclear from the testimony of these officers what exactly the deputy fire chief was wearing at the time of the incident, but it is presumed that he was in uniform as he was on duty at the time in question. The deputy fire chief effectuated a stop of Defendant in his capacity as a volunteer firefighter with the Odessa Fire Company, as there are no allegations that the deputy fire chief represented himself as a police officer.

## PARTIES' CONTENTIONS

Defendant argues that the deputy fire chief was a state actor and therefore, did not have authority to stop Defendant's vehicle.[3] Defendant requests that the Court adopt the similarities Defendant draws between the volunteer deputy fire chief in this case and a state fire marshal which

---

[3] During the motion hearing on August 21, 2018, defense counsel argued several times that the only information the deputy fire chief had at the time he effectuated the stop of Defendant's vehicle was that the suspect was driving a red truck with a Pennsylvania license plate. Defense counsel reiterated that the lack of additional information, such as a license plate number, amounted to a lack of reasonable articulable suspicion. Reasonable articulable suspicion to make a stop is a standard applied *only* to state actors. We need not get into the reasonable articulable suspicion analysis, as the parties agree that if the Court were to find the deputy fire chief to be a state actor then the stop would not be legally sound. *See supra* note 1.

3

has been recognized in Delaware to be a state actor. Defendant places emphasis in the deputy fire chief's use of his emergency lights in making his argument that the stop constituted state action.

The State argues that the volunteer deputy fire chief of the Odessa Fire Company, which is a non-profit organization not affiliated with the Office of the State Fire Marshal, is a private actor rather than a state actor. The State requests that the Court find that the deputy fire chief was a private actor, which would prevent the Fourth Amendment from attaching to the stop of Defendant's vehicle, thus making fruit of the stop admissible.

## DISCUSSION

Delaware courts have not dealt with this precise issue of determining whether a *volunteer* firefighter effectuating a stop under these circumstances constitutes governmental action. Delaware courts have addressed whether a state fire marshal conducting a stop qualifies as state action but there is a vital distinction that separates these cases from the one here. The state fire marshal is undoubtedly a state actor as they are a state agency. The Court is left to decide whether a *volunteer* firefighter affiliated with a local fire company, which is a non-profit organization, is considered a state actor.[4] The State[5] and Defendant[6] both cite to cases that are distinguishable from Defendant's. Under the particular circumstances of Defendant's case, the Court finds that the *volunteer* deputy fire chief was not a governmental actor.

---

[4] *See* Administrative Division, *Frequently Asked Questions*, https://statefiremarshal.delaware.gov/wp-content/uploads/sites/110/2017/07/faq.pdf (last visited Oct. 3, 2018); *See also Ehart v. Odessa Fire Co.*, 2005 WL 348311, at *4 (D. Del. Feb. 2, 2005) ("[O]utside the City of Wilmington, fire protection services in Delaware are provided by private volunteer fire companies.").

[5] *State v. Lawrence*, 2001 WL 1558338 (Del. Com. May 17, 2001) (Smalls, Chief J.) (finding that two off-duty out of state police officers who conducted a stop of the defendant's vehicle were not state actors).

[6] *State v. Tintle*, 2014 WL 3534990 (Del. Com. Feb. 28, 2014) (C. Welch, J.) (finding that a State Fire Marshal, who was a state actor, lacked reasonable and articulable suspicion to believe the defendant was committing a crime).

4

The First Circuit Court of Appeal of Louisiana decided a case, *State v. Lavergne*,[7] that is nearly identical to the facts of Defendant's case. The court held that a volunteer firefighter was not a state actor under the circumstances. Given the lack of Delaware case law pertaining to the facts of Defendant's case, the Court finds *Lavergne* persuasive in deciding this matter.

"[T]he extent to which a particular person is a governmental agent or a private person hinges upon a detailed factual analysis which carefully considers all relevant facts and circumstances."[8] In *Lavergne*, the court on appeal considered whether a "volunteer fireman who had activated emergency lights and sirens on his vehicle, who was reasonably believed to be a police officer, was acting under the color of state law when he stopped [the defendant's] vehicle,"[9] later resulting in the defendant being charged with a DUI. In *Lavergne*, a volunteer firefighter was traveling on the interstate when he observed the defendant driving "eratically."[10] A passenger in the firefighter's vehicle contacted the police to make a report. The firefighter continued to follow the defendant, activated his lights and sirens "equipped on his *personal* vehicle and conducted a stop."[11] The firefighter exited his vehicle and approached defendant's vehicle for questioning. Later, the firefighter even went as far as to remove the defendant's keys from his vehicle after the defendant had exited.[12] The court affirmed the trial court's holding that the firefighter acted as a private citizen based on the following: 1) there was "no evidence that [the firefighter] acted under the instruction of law enforcement,"[13] 2) the firefighter's "possession and utilization of a siren and emergency lights, items customarily used by police, did not automatically convert his actions to

---

[7] 991 So. 2d 86 (La. Ct. App. 2008), writ denied, 1 So. 3d 494 (La. 2009).
[8] *State v. Verkerk*, 747 S.E.2d 658, 666 (N.C. Ct. App.), review allowed, writ allowed, 749 S.E.2d 841 (N.C. 2013), and rev'd, 758 S.E.2d 387 (N.C. 2014) (relying on *Lavergne* to determine whether a fire lieutenant was a state actor).
[9] *Id.* at 88.
[10] *Id.*
[11] *Id.* (emphasis added) (footnote added).
[12] *Id.*
[13] *Id.* at 89.

governmental actions,"[14] 3) the firefighters motivation for stopping the defendant was his concern for public safety and 4) the firefighter did not identify himself as a police officer.[15]

Defendant's matter before the Court meets all of the criteria set forth in *Lavergne*. Like *Lavergne*, there is no evidence or allegation made implying that the deputy fire chief acted under the direction of law enforcement when conducting the stop of Defendant's vehicle. In addition, *Lavergne* says the deputy fire chief's use of emergency lights is not enough to render the stop state action. Also like *Lavergne*, the deputy fire chief's motivation for following Defendant and stopping his vehicle was because Defendant hit a parked fire truck, clearly posing a threat to public safety. Finally, the last prong of the *Lavergne* considerations are met because the deputy fire chief never represented to Defendant that he was a police officer. In fact, Defendant's case is a clearer case for the finding in *Lavergne* because after the deputy fire chief used his intercom system to direct Defendant to remain in his vehicle he took no further action. The firefighter in *Lavergne* took measures a step further by approaching the defendant's vehicle to question him and later taking defendant's keys from the ignition.

Because the Court finds that the deputy fire chief was acting as a private citizen rather than a governmental actor, evidence resulting from the stop will not be suppressed.

---

[14] *Id.*
[15] *Id.*

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 16th day of October, 2018, that Defendant's Motion to Suppress be **DENIED.**

The Honorable Robert H. Surles
Judge